IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATHAN L. HILL, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>WARDEN OF LEE COUNTY, U.S.P., )<br>    Respondent. ) | Civil Action No. 7:18-cv-00166<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Nathan L. Hill, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Respondent moves to dismiss the petition in its entirety, arguing that the court lacks subject matter jurisdiction over the petition and that the petition fails to state a claim on which relief can be granted. In the alternative, respondent moves for summary judgment. Hill has filed an objection to the motion to dismiss as well as multiple additional responses and motions.

For the reasons set forth herein, the court concludes that jurisdiction is lacking over Hill's § 2241 petition and will therefore dismiss it. The remaining motions will be dismissed as moot.

I. BACKGROUND

**A. Procedural History**

Hill filed the petition on April 12, 2018. Shortly thereafter, he filed a motion to amend, which the court granted. (Dkt. Nos. 4, 5.) After receiving several extensions of time to file his response, respondent filed a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim or, alternatively, a motion for summary judgment with a supporting memorandum. (Dkt. Nos. 9, 12, 15, 17, 18.) Hill filed an objection and reply to the motion to dismiss. (Dkt. Nos. 23, 24.)

1

Respondent subsequently sought and received a stay from this court pending the Supreme Court's decision as to whether to grant the petition for certiorari in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). (Dkt. Nos. 26, 29.) While the Supreme Court's decision on *Wheeler* was pending, Hill filed a motion to stay proceedings until the Supreme Court acted on his petition for writ of certiorari. (Dkt. No. 33.) The court found that, although the original basis for granting the stay no longer existed due to the Supreme Court's March 18, 2019 denial of the petition for certiorari in *Wheeler*, it was appropriate to continue the stay. (Dkt. No. 37.) After the Supreme Court denied his petition for certiorari, Hill filed a request to withdraw the current petition from abeyance, which the court granted and lifted the stay. (Dkt. Nos. 43, 45, 46.)

In the meantime, Hill filed several additional responses to the motion to dismiss, and respondent has filed an amended brief in support of his motion. (Dkt. Nos. 7, 11, 30, 31, 35, 41, 50, 52.) Hill filed a second motion to amend the petition, which the court denied as futile. (Dkt. Nos. 32, 49.) He has also filed two motions for summary judgment and a motion to present additional evidence. (Dkt. Nos. 42, 51, 54.)

**B. Factual Background**

On May 24, 1999, following a jury trial, Hill was convicted in the Northern District of Illinois of conspiracy, operating a continuing criminal enterprise, and money laundering, in violation of 21 U.S.C. §§ 846 and 848, and 18 U.S.C. § 1956, respectively. He was sentenced on November 8, 1999, to life in prison. The court found that Hill was the principal leader of the continuing criminal enterprise and that the enterprise was responsible for at least 4,000 kilograms of cocaine, which increased his mandatory minimum from twenty years to life under 21 U.S.C. § 848(b). The court also found that Hill directed at least two murders, which also increased his sentencing guideline range to life.

Hill appealed his conviction and sentence. *United States v. Hill*, 252 F.3d 919 (7th Cir. 2001). In an opinion dated June 5, 2001, the Seventh Circuit affirmed the district court's judgment in its entirety. *Id.* at 929. Relevant to the instant petition, the court rejected Hill's argument that his sentence "violate[d] the due process clause because the jury did not conclude that the evidence establishe[d] beyond a reasonable doubt the events that led to the life terms," *id.* at 921 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)), stating that "*Apprendi* does not help Hill, because the maximum sentence for *every* person convicted of violating § 848 is life," *id.* The court further stated that Supreme Court and circuit precedent foreclosed Hill's assertion that *Apprendi* governed "proof of events that determine the minimum lawful sentence . . . ." *Id.* The Supreme Court denied Hill's petition for writ of certiorari on June 28, 2002. *Hill v. United States*, 536 U.S. 962 (2002) (table).

Hill then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *United States v. Hill*, No. 03 C 4196, 2004 WL 2064622, at *1 (N.D. Ill. Sept. 13, 2004). Hill presented ten grounds for relief, many of which the court found had been procedurally defaulted. *Id.* at *4–5. Hill did not raise his *Apprendi* claim. *See id.* The court concluded that "none of Hill's nondefaulted claims warrant[ed] a § 2255 remedy." *Id.* at *11.[1]

Hill subsequently sought leave from the Seventh Circuit to file a second or successive § 2255 motion, based on "newly discovered evidence." *See Hill v. Warden of Victorville*, No. CV 10-1924-VAP (MAN), 2010 WL 2605733, at *1 (C.D. Cal. May 25, 2010) (summarizing Hill's previous filings), *R. & R. adopted by* 2010 WL 2605732 (C.D. Cal. June 28, 2010). The court denied leave, finding that, "even assuming that there was constitutional error, the evidence

---

[1] The court also found that none of Hill's remaining claims, even if not procedurally defaulted, merited relief. *United States v. Hill*, 2004 WL 2064622, at *11.

3

was 'insufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense' . . . ." *Id.* at *2 (quoting 28 U.S.C. § 2255(h)(1)). The court further found that the application was time-barred under 28 U.S.C. § 2244(d)(1)(D). *See id.*

In 2008, Hill filed a motion in the sentencing court in his original criminal case pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Id.* He claimed that he was actually innocent, that the Seventh Circuit misapplied the AEDPA in denying his motion to file a second or successive § 2255 motion and committed legal and factual error, and that § 2255 was inadequate or ineffective, and he was entitled to raise his claims under § 2241, Federal Rule of Civil Procedure (Fed. R. Civ. P.) 60(b), a writ of coram nobis, and the All Writs Act. *See id.* The sentencing court dismissed the motion for lack of jurisdiction, concluding that Hill had to bring his claims in a motion to vacate pursuant to § 2255 and that he had not obtained leave from the Seventh Circuit to file a second or successive petition. *See id.*

Hill next filed a petition for writ of habeas corpus pursuant to § 2241 in the U.S. District Court for the Middle District of Florida. *Hill v. Warden, FCC Coleman–USP II*, No. 08-16973, 364 F. App'x 587, 588 (11th Cir. Feb. 8, 2010) (unpublished). The district court dismissed the petition, and Hill appealed, arguing that the district court erred in finding that § 2255 barred his § 2241 petition. *Id.* Hill asserted that § 2255 was inadequate or ineffective to challenge the legality of his detention because the government had suppressed the aforementioned new evidence until after his § 2255 motion had been denied. *Id.* at 589. The court found that Hill could not meet the Eleventh Circuit's criteria for use of the savings clause, stating that:

> Hill had a procedural opportunity to raise this new evidence in a successive § 2255 petition but could not satisfy the AEDPA's strict procedural hurdles for doing so. Moreover, we have expressly held that the AEDPA's restrictions on successive § 2255 motions,

4

> standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. Consequently, a petitioner like Hill who has filed a previous § 2255 motion, and been denied, may not circumvent the restriction on successive motions simply by filing a petition under § 2241.

*Id.* at 590.

A month after the Eleventh Circuit's decision, Hill filed another petition under § 2241, this time in the Central District of California. *Hill v. Warden of Victorville*, 2010 WL 2605733, at *3. Hill again argued that § 2255 was inadequate. *Id.* at *1. Among other issues, Hill argued that he was actually innocent of the crimes for which he was convicted, *id.* at *3, and that "[s]erious constitutional questions are raised by . . . the use of the AEDPA by the federal courts in ruling on Petitioner's various court filings, refusing to afford him permission to bring a second or successive 2255 motion, and denying him relief based on his instant claims," *id.* at *4. The court noted that Hill's claims had been raised in, and rejected by, the sentencing court, the Seventh Circuit, the Middle District of Florida, and the Eleventh Circuit. *See id.* at *6. The California court found no reason to reach a different conclusion. *See id.*

Hill, undeterred, filed yet another § 2241 petition, this time in the District of Colorado. *Hill v. Daniels*, Civil Action No. 12-cv-00590-BNB, 2012 WL 1229976, at *1 (D. Colo. Apr. 12, 2012). That court noted that Hill had filed two previous § 2241 petitions, presenting the same claims, both of which were dismissed for lack of jurisdiction. *Id.* at *2. The court denied the petition, finding that Hill had failed to demonstrate that § 2255 was inadequate or ineffective, despite having been denied relief in the sentencing court. *Id.* at *3. Hill then filed a motion for reconsideration, which was also denied. *Hill v. Daniels*, No. 12-cv-00590-LTB, 2012 WL 1470154, at *2 (D. Colo. Apr. 27, 2012). The Tenth Circuit affirmed the lower court's denial of Hill's petition, rejecting his arguments that his claims "were never actually adjudicated because

5

they were not decided on the merits," *Hill v. Daniels*, No. 12-1162, 504 F. App'x 683, 686 (10th Cir. Dec. 3, 2012) (unpublished), and that "the ends of justice require[d] review," *id.* at 687. The court found it unnecessary to determine whether § 2255 was inadequate or ineffective, instead finding that Hill's claims were barred by 28 U.S.C. § 2244(a).[2]

Hill returned to the District of Colorado after the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) (holding that any fact that increases a mandatory minimum sentence is an element which must be charged in an indictment and proven to the jury beyond a reasonable doubt). *Hill v. Oliver*, No. 16-1165, 694 F. App'x 353, 355 (10th Cir. June 6, 2017) (unpublished). There, as here, Hill "assert[ed] that his sentencing was unlawful under *Alleyne* because it was the judge, not the jury, who had found the facts that increased his mandatory minimum." *Id.* at 355. The district court denied Hill's petition for writ of habeas corpus under § 2241 after concluding that *Alleyne* did not apply retroactively to cases on collateral review. *Id.* at 354. Hill appealed the denial to the Tenth Circuit, which held that "§ 2241 is not the proper vehicle for his *Alleyne* claim . . . ," *id.*, and, therefore, reversed and remanded to the district court with instructions to dismiss the petition for lack of jurisdiction, *id.*

## C. Petition

Hill's current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, his fifth such petition, raises four claims. All rely on the same basic premise, namely that Hill's continued detention, past January 11, 2018, is unconstitutional. Hill argues that: (1) his detention

---

[2] Section 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

6

past January 11, 2018, "is forbidden by the Eighth Amendment's ban on cruel and unusual punishment, because, the trial record is devoid of Hill being constitutionally charged and convicted of any separate aggravating crimes," (Pet. 7, Dkt. No. 1); (2) Hill's continued detainment "is offensive to the Due Process Clause of the Fifth Amendment, which guarantees, no person shall be deprived of life, liberty or property without due process of law, thus, the trial record demonstrates that Hill has not been constitutionally charged and convicted for violating 21 U.S.C. [§] 848(b)(2)(A), and other separate aggravating crimes," (*id.* at 6); (3) "Hill's continued imprisonment is cruel and unusual punishment in violation of the Eighth Amendment, and is forbidden by the Due Process Clause, which forbids, deprivation of liberty, without due process of law; the record reveals that the sentencing court lacked authority to impose such sentences," (*id.*); and (4) "[t]he record demonstrates that the Warden continues to make Hill work passed [sic] January 2018, which is forbidden by the Thirteenth Amendment," (*id.* at 8).[3]

## II. DISCUSSION

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

---

[3] For clarity, citations to documents filed by the parties refer to the page numbers generated by the court's electronic filing system (ECF).

7

In *Wheeler*, the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *Wheeler*, 886 F.3d at 429; *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018) (applying *Wheeler*). The *Wheeler* court also affirmed that the requirements of the savings clause are jurisdictional. 886 F.3d at 423. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the *Wheeler* test for the district court to have subject matter jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29. Although the court must apply the procedural standard in *Wheeler*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Ledezma-Rodriguez v. Brecken*, No. 7:18-cv-00268 (JLK), 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019)).

Hill challenges both "the Warden's constitutional right to continuously detain [him]," (Pet. 11), as well as "the unconstitutional sentence imposed by the sentencing court," (*id.*). Hill argues that § 2241 is the appropriate vehicle by which to bring his claims because he is not directly challenging his conviction or sentence prior to January 12, 2018, and that, therefore,

8

§ 2255 is inadequate or ineffective to remedy his situation. (*Id.* at 5.) Respondent moves to dismiss the petition for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Hill has previously litigated this issue in another court, his petition is actually a second or successive motion to vacate under 28 U.S.C. § 2255, and he cannot meet the requirements for use of the "savings clause." (Resp. Am. Mem. 1, 5–6, Dkt. No. 35.) Respondent also contends that the petition fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and, in the alternative, moves for summary judgment pursuant to Fed. R. Civ. P. 56. (*Id.* at 1.)

The essence of Hill's argument is that the jury did not find him guilty of the facts, or "separate aggravating crimes," used to enhance his mandatory minimum sentence to life beyond a reasonable doubt. (Pet. 21, 27.) Rather, the sentencing court found those facts under a preponderance of the evidence standard. (*Id.* at 39.) Thus, in Hill's view, his sentence should have ended on January 11, 2018, when the twenty years reflected in the jury's verdict expired. (*Id.* at 11, 28, 39.) His argument is based on the Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99, 103 (2013). (Pet. 14.)

Hill further argues that because *Alleyne* was decided after his direct appeal and 2004 § 2255 motion, he was, and is, foreclosed from bringing his claims under § 2255. (*Id.* at 12, 17, 38.) At that time, the law precluded his current argument. (*Id.* at 12, 17, 37.) Therefore, in his view, § 2255 is "inadequate or ineffective," and he is entitled to bring his claims under § 2241 pursuant to § 2255(e). (*Id.* at 11, 40.) He also states that he is challenging the execution of his sentence (Fifth Supp. Resp. 1, Dkt. No. 31) and raising questions of statutory interpretation (Pet. 12; First Obj. to Mot. to Dismiss 3, Dkt. No. 23), thereby rendering § 2255 inapplicable (Pet. 11, 13). In addition, Hill contends that he has been denied fundamental fairness. (Pet. 39.)

9

The first problem with Hill's argument is that *Alleyne* has not been held to be retroactively applicable to cases on collateral review. *Davis v. United States*, 817 F.3d 319, 326 (7th Cir. 2016) ("[T]he Supreme Court has not held that *Alleyne* applies retroactively to cases on collateral review.") (citing *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)); *accord United States v. Cornette*, 932 F.3d 204, 210 (4th Cir. 2019) (noting that "the Supreme Court did not make *Alleyne* retroactive"); *Hyles v. Breckon*, No. 7:18-cv-00183-NKM, 2018 WL 3765375, at *4 (W.D. Va. Aug. 8, 2018) (stating that "*Alleyne* and *Apprendi* are not retroactively applicable on collateral review" and citing cases); *Williams v. United States*, No. 4:09-cr-00039-SGW, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014) ("[T]he new rule announced in *Alleyne* is not retroactively applicable to cases on collateral review, and because Williams' claim is on collateral review, the court will dismiss the claim."); *see also Blackwell v. United States*, No. 7:09-CR-1-1H, 2019 WL 4570241, at *2 (E.D.N.C. Sept. 19, 2019) ("*Alleyne* has not been made retroactive by the Supreme Court." (citing *Cornette*, 932 F.3d at 210)); *Barren v. United States*, Crim. No. PJM 08-0053, 2014 WL 4299092, at *7 (D. Md. Aug. 29, 2014) (finding that *Alleyne* did not declare a new rule of law that would be retroactively applicable on collateral review); *Ferranti v. United States*, Criminal No. 1:91CR337-A, 2014 WL 2967944, at *2 (E.D. Va. June 30, 2014) ("*Alleyne* is not retroactive on collateral review."). Therefore, Hill cannot meet *Wheeler's* second requirement, that the change in substantive law be deemed retroactive on collateral review. *See Wheeler*, 886 F.3d at 429.

Moreover, Hill has made his arguments before, most recently to the District of Colorado. The Tenth Circuit, in finding that § 2241 was "not the proper vehicle for his *Alleyne* claim . . . ," *Hill v. Oliver*, 695 F. App'x at 354, addressed and rejected all of the arguments Hill makes here. For example, the court disagreed with his contentions that failing to allow him to proceed under

10

§ 2241 "would raise serious constitutional questions under the U.S. Constitution's Suspension Clause, the Due Process Clause, and the Eighth Amendment." *Id.* at 356. Regarding the Suspension Clause, the court stated:

> It is well-established that the Suspension Clause does not prohibit the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention. Here, § 2255 is the relevant substitute. Mr. Hill had a full opportunity under § 2255 to make the claim he presses now. Contrary to his assertions, Mr. Hill was not prevented from raising it then by the law-of-the-case doctrine or by adverse precedent.

*Id.* (internal citations and quotation marks omitted); *cf. In re Vial*, 115 F.3d at 1197 (finding that Vial's argument that limitations on filing a second or successive petition violated the Suspension Clause was foreclosed by *Felker v. Turpin*, 518 U.S. 651 (1996)). Regarding Hill's due process argument, the court noted that it had recently rejected a similar claim and that "Mr. Hill ha[d] not identified a substantive right to challenge his conviction after already unsuccessfully bringing one round of collateral review. So, he has failed [t]o make out a procedural due process violation in this context." *Id.* (second alteration in original) (internal citation and quotation marks omitted). Lastly, the court found Hill's Eighth Amendment claim lacking: "Mr. Hill contends, without citation to legal authority, that it is against cruel and unusual punishment to not provide Hill with an avenue to present his claims of not guilty. But, as explained above, Mr. Hill *did* have an avenue to present his *Apprendi*-based challenge to his sentencing—his 2003 § 2255 motion." *Id.* at 356–57 (internal citation and quotation marks omitted).[4]

As the District Court for the Central District of California stated:

> This case presents a classic instance of a litigant attempting to have another bite at the apple in a different forum after he has failed to obtain relief in other federal courts. . . . Petitioner's inability to

---

[4] It appears that this is the first time Hill has raised a Thirteenth Amendment claim. However, that claim is dependent on his other arguments. Hill provides no separate support for his Thirteenth Amendment claim.

11

>satisfy Section 2255's requisites is not a basis for finding the Section 2255 savings clause applicable. The sole recognized basis for opening the escape hatch—a claim of factual innocence coupled with the lack of a prior unobstructed procedural shot at raising such a claim—has been judicially determined to be inapplicable, and Petitioner is precluded from seeking to have this district court second-guess and relitigate the final decisions of other federal courts on this jurisdictional issue. Because Section 2241 jurisdiction is lacking, it is clear that the Petition must be dismissed.

*Hill v. Warden of Victorville*, 2010 WL 2605733, at *7.

Hill cannot meet *Wheeler*'s requirements for use of § 2255's savings clause. Specifically, he cannot demonstrate that *Alleyne* has been made retroactive to cases on collateral review. *See Wheeler*, 886 F.3d at 429; *see also Robinson v. Warden of Lee County U.S.P.*, No. 7:19-cv-00205-JPJ, 2019 WL 2067220, at *2 (W.D. Va. May 10, 2019) ("Robinson fails to show that his sentence now constitutes 'an error sufficiently grave to be deemed a fundamental defect' in light of particular, post-§ 2255 changes in substantive law that have been found to apply retroactively in a collateral proceeding." (quoting *Wheeler*, 886 F.3d at 429)). Therefore, he may not proceed under § 2241.[5] *See Cook v. Warden, USP Lee County*, No. 7:18-cv-00311-GEC, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019) (noting that all four *Wheeler* requirements must be satisfied, and petitioner could not satisfy one of the four). Accordingly, subject matter jurisdiction over the petition is lacking, *see Wheeler,* 886 F.3d at 423, and the petition must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[6]

---

[5] Because Hill cannot meet *Wheeler*'s retroactivity requirement, the court need not address the remaining *Wheeler* factors. *See Wheeler*, 886 F.3d at 425.

[6] Based on its determination that it lacks subject matter over Hill's petition, the court need not convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action.").

III.  CONCLUSION

For the reasons stated, the court concludes that it lacks subject matter jurisdiction over Hill's petition.  Accordingly, the court will grant respondent's motion to dismiss or, in the alternative, motion for summary judgment and dismiss this case without prejudice.  An appropriate order will issue this day.

Entered: February 25, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge